### Wisnieski v.
### Yellow Freight System, Inc.
*[Cite as 7 AOA 517]*

*Case No. 89-P-2129*
*Portage County, (11th)*
*Decided September 14, 1991*

Harold Ticktin, 1730 Keith Building, Cleveland, Ohio 44115, for Plaintiff-Appellee.

Charles P. Alusheff, 113 St. Clair Building, Cleveland, Ohio 44114-1273, for Defendant-Appellant, Yellow Freight System, Inc.

WOLFF, J.

Yellow Freight System, Inc. ("employer") appeals from a summary judgment which dismissed its appeal to the court of common pleas from an order of the Cleveland Regional Board of Review. The employer's sole assignment of error is that summary judgment should not have been granted.

We agree and, therefore, reverse.

The trial court determined that the employer's appeal concerned the "extent of disability," a subject over which it had no jurisdiction pursuant to R.C. 4123.519.

The board found that the claim of the employee, Martin Wisnieski, had previously been allowed for "left knee sprain, aggravation of a pre-existing osteoarthritis left knee." The trial court found that the employer had "recognized" or "allowed" this injury by virtue of the C-50 form it completed. This finding appears to have

compelled the further determination that the appeal concerned only the extent of disability and not, as the employer contended, the employee's right to participate on account of aggravation of pre-existing osteoarthritis. (The employer has not contended at any time that the employer was not entitled to participate on account of the left knee sprain.)

In our judgment, a genuine issue of material fact exits as to whether the employer "recognized" or "allowed" the condition of "aggravation of a pre-existing osteoarthritis left knee."

The evidence established that the employer was injured February 2, 1987, and that he was treated by a Dr. Hawes on March 3 and 5, 1987 at the Occupational Health Center in Cleveland. The employer, a self-insurer, paid a pharmacy bill on April 24, 1987, and Dr. Hawes' bill of $113 on March 27, 1987. In his attending physician's report and fee bill dated July 22, 1987, Dr. Hawes described the injury as "left knee sprain superimposed on degenerative arthritis." The employer completed its portion of the C-50 form on August 19, 1987. Although the employer checked the "full certification" box, it also wrote under the "rejection of claim" box: "Recognized for left knee strain." The employee received further treatment "in August and/or September/October, 1987" from a Dr. Hergenroeder in Chagrin Falls, whose bills were paid by employer.

The employee points to the employer's portion of the C-50 form as establishing its full recognition of the injury, as described by Dr. Hawes. We do not agree. Although it is inartful, we are satisfied that reasonable minds could conclude from the employer's portion of the C-50 form that the employer only recognized the left knee strain. In other words, reasonable minds could conclude that the employer qualified its "full certification" of the claim. Recognition of only the left knee strain in August 1987 is in no way inconsistent with the fact that the employer made payments on the employee's behalf in March and April of 1987. The first diagnosis disclosed by the evidence of which the employer might have been aware was Dr. Hawes diagnosis of July 22, 1987.

Nor does the employer's payment of Dr. Hergenroeder establish beyond reasonable disputation that the employer recognized the condition of aggravation of pre-existing osteoarthritis. Although the employee's brief in support of summary judgment characterized Dr. Hergenroeder's diagnosis as "degenerative joint disease of the left knee aggravated by the injury of February 27, 1987," the evidence before the trial court does not establish that this was his diagnosis. All that the evidence establishes is that Dr. Hergenroeder, in response to a letter of inquiry from the employer's counsel, wrote across the bottom of the letter:

"Bills were pd. by Yellow Freight, patient is an employee of this company, was hurt on the job, and Yellow Freight is self-insured, they pay their own Workers' Comp. Claims."

This statement, without more, is incapable of demonstrating that the employer allowed or recognized the condition of aggravation of a pre-existing osteoarthritis.

The employee agrees with the employer that "left knee sprain" and "aggravation of a pre-existing osteoarthritis left knee" are separate and discrete conditions and bases his defense of the trial court's action on the employer's "recognition" or "allowance" of both conditions. Having determined that a genuine issue of material fact exists as to whether the employer recognized or allowed the latter condition, we are perforce constrained to conclude that the trial court erred in granting the employee a summary judgment of dismissal of the employer's appeal.

The assignment of error is sustained.

Judgment reversed and the case remanded for further proceedings consistent with this opinion.

FORD, P.J., BASINGER, J., concur.

Judge William H. Wolff, Second Appellate District, and Judge Randall L. Basinger, Putnam County Court of Common Pleas, sitting by assignment.